## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CHRISTOPHER E. BOUCHAT**, | * |
| *Plaintiff*, | * |
| v. | *    Civil Action 1:15-cv-02417-ELH |
| **STATE OF MARYLAND**, *et al.*, | * |
| *Defendants*. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND IN OPPOSITION TO CONVENING A THREE-JUDGE COURT

### INTRODUCTION

Plaintiff Christopher Bouchat is a former primary election candidate who, in 2014, failed to be selected as a Republican Party nominee for a seat in the Maryland House of Delegates.  In this action, Mr. Bouchat seeks to re-litigate in federal court his unsuccessful challenge to the 2012 legislative districting of the State, which the Maryland Court of Appeals rejected as "without merit."  *In re 2012 Legislative Districting*, 436 Md. 121, 144 (2013).  Because the complaint fails to state a claim upon which relief may be granted and is barred by res judicata, the complaint should be dismissed with prejudice and without convening a three-judge panel.  Mr. Bouchat's claims for injunctive relief against the State of Maryland, and for money damages, are also barred by the State's Eleventh Amendment sovereign immunity.

## STATEMENT OF THE CASE

Following the 2010 census, the Governor's Redistricting Advisory Committee convened in March 2011 to develop a districting plan for the State Legislature as required by Article III, § 5 of the Maryland Constitution.  *See In re 2012 Legislative Districting*, 436 Md. at 128.  The Governor's plan, introduced as House and Senate Joint Resolution No. 1 in the 2012 Legislative Session of the General Assembly, became effective on February 24, 2012.  *Id.*  Mr. Bouchat and others filed petitions challenging the validity of the plan.  In his petition, Mr. Bouchat alleged that the plan violated the United States Constitution's guarantee of a republican form of government because it contained legislative districts that crossed county lines.  *Id.* at 138.

Judge Wilner, appointed to act as Special Master by the Court of Appeals, conducted evidentiary hearings, considered the parties' briefs submitted for and against the validity of the plan, and issued a report to the Court of Appeals.  Oral argument on the petitions and on exceptions made to the Special Master's report were heard by the Court of Appeals on November 7, 2012.  *See In re 2012 Legislative Districting of the State*, 429 Md. 301 (2012).  By its order dated November 9, 2012, the Court of Appeals held that the Governor's plan was consistent with the requirements of the federal and state constitutions, and denied all relief sought by the petitioners.  *Id.*  An opinion explaining the reasons for that decision was issued December 10, 2013.  *In re 2012 Legislative Districting*, 436 Md. 121 (2013).

**The Plaintiff's 2012 Petition**

In 2012, Mr. Bouchat challenged the validity of the Governor's plan and of Article III, § 3 of the Maryland Constitution, alleging that both were inconsistent with Article IV, § 4 of the United States Constitution, which guarantees that each State shall have a republican form of government.[1]  *In re 2012 Legislative Districting*, 436 Md. at 138-39. Mr. Bouchat asserted that the federal constitution is violated when members of the State Senate and House of Delegates are chosen from legislative districts that cross county lines. *Id*.  These arguments were rejected by the Court of Appeals as "without merit."  *Id*. at 144.[2]

**The Plaintiff's 2015 Complaint**

On August 14, 2015, Mr. Bouchat filed the instant complaint against the State of Maryland, Linda H. Lamone, the State Administrator of Elections, and Bobbie S. Mack, the Chairman of the Maryland State Board of Elections.[3]  The complaint does not identify

---

[1] Article IV, § 4 of the Constitution of the United States provides: "The United States shall guarantee to every State in this Union a Republican Form of Government, and shall protect each of them against Invasion; and on Application of the Legislature, or of the Executive (when the Legislature cannot be convened) against domestic Violence."

[2] In January 2015, Mr. Bouchat filed a complaint in the Circuit Court for Carroll County, Maryland in which he renewed his challenge to the districting plan based on the results of the 2014 primary election.  The circuit court dismissed the complaint for lack of subject matter jurisdiction to hear challenges to the legislative districting of the State, for which Article III, § 5 of the Maryland Constitution provides that original jurisdiction shall be in the Maryland Court of Appeals.  *See also State Admin. Bd. of Election Laws v. Calvert*, 272 Md. 659, 678-84 (1975) (concluding that original jurisdiction in Court of Appeals under Art. III, § 5 is exclusive).

[3] The individual defendants are sued in their official capacities.  Effective July 16, 2015, David J. McManus, Jr., replaced Bobbie Mack as Chairman of the Maryland State Board of Elections.  Under Federal Rule of Civil Procedure 25(d)(1), "the officer's

any particular feature of the 2012 districting scheme that is alleged to violate federal or state constitutional rights or guarantees, but instead objects in general terms to districts that are "discriminatory" against the "non-dominant political party," (Compl. ¶ 14) or that "distort common sense and prohibit me from securing a seat." (*Id.* ¶ 18.)  So far as a single theme can be discerned, it is that Mr. Bouchat, as a Republican candidate from Carroll County, was disadvantaged by having to compete in the primary election against Republicans from Howard County in order to win the party's nomination as a House of Delegates candidate in the general election for District 9A.  Compl. ¶¶ 7-9, 14.  From these allegations, it may be inferred that Mr. Bouchat's contention is that either the United States or Maryland Constitutions, or both, require that representatives elected to Maryland's House of Delegates must be selected from legislative districts that do not cross county lines and that voters or candidates in districts that include citizens from more than one county are denied the right to fair representation.  *Id.*, ¶ 18.

## ARGUMENT

## I.  STANDARD OF REVIEW

### A.  Three-Judge Court

The complaint contests the constitutionality of the apportionment of a statewide legislative body and is therefore subject to the provisions of 28 U.S.C. § 2284.  As relevant

---

successor is automatically substituted as a party" if the officer "dies, resigns, or otherwise ceases to hold office."

here, subsection (b)(1) provides that "[u]pon the filing of a request for three judges, the judge to whom the request is presented shall, unless he determines that three judges are not required, immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge. . . ."  Under § 2284(b)(1), a single district judge "may dismiss a complaint otherwise subject to § 2284(a) if the judge determines that the constitutional claims are insubstantial in that they are obviously without merit or clearly determined by previous case law."  *Duckworth v. State Bd. of Elections*, 213 F. Supp. 2d 543, 546 (D. Md. 2002), *aff'd sub nom. Duckworth v. State Admin. Bd. of Election Laws*, 332 F.3d 769 (4th Cir. 2003); *see also Maryland Citizens for a Representative Gen. Assembly v. Governor of Md.*, 429 F.2d 606, 607 (4th Cir. 1970) (affirming dismissal by a single federal district judge of reapportionment challenge).  Thus, under § 2284(b)(1), only if the plaintiff requests a three-judge court and the single district judge finds that the constitutional claims are "substantial" is that judge authorized to refer the matter to a three-judge court.

In *Duckworth*, the Fourth Circuit held that where a plaintiff's "pleadings do not state a claim" upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), "then by definition they are insubstantial and so properly are subject to dismissal by the district court without convening a three-judge court."  332 F.3d at 772-73[4] (citing *Simkins*

---

[4] In *Shapiro v. McManus*, the Supreme Court granted certiorari to determine whether, as the Fourth Circuit held in *Duckworth* and reiterated in *Benisek*, "a single-judge district court may determine that a complaint covered by 28 U.S.C. § 2284 is insubstantial,

*v. Gressette*, 631 F.2d 287, 295 (4th Cir. 1980)); *Gorrell*, 2012 WL 226919, at *5-6 (complaint dismissed by single judge); *Benisek*, 11 F. Supp. 3d at 526 (same); *see also Fletcher*, 831 F. Supp. 2d at 892 (three-judge court concluding that there is "no material distinction" between the "insubstantiality" standard and the Rule 12(b)(6) standard). Accordingly, under Fourth Circuit precedent, a single district court judge properly tests the substantive merit of the plaintiff's claims by applying the standard of review for a motion to dismiss under Rule 12(b)(6). *Duckworth*, 332 F.3d at 772-73.

### B.  Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This "plausibility" standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. That is, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops

---

and that three judges therefore are not required, not because it concludes that the complaint is wholly frivolous, but because it concludes that the complaint fails to state a claim under Rule 12(b)(6)." *Benisek v. Mack*, 11 F. Supp. 3d 516 (D. Md. 2014), *aff'd*, *Benisek v. Mack*, 584 F. App'x 140 (2014), *cert. granted sub nom.*, *Shapiro v. Mack*, No. 14-990, 135 S. Ct. 2805 (June 8, 2015).

short of the line between possibility and plausibility of "entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

On a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "are not entitled to the assumption of truth." *Id.* at 678-79. And while *pro se* pleadings are to be liberally construed, the *Iqbal/Twombly* standard applies to self-represented litigants just as it does to represented parties. *Smith v. Commonwealth of Virginia*, Civ. No. 3:08cv800, 2009 WL 2175759, *2 (E.D. Va., July 16, 2009) (citing *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008); *Thigpen v. McDonnell*, 273 F. App'x 271, 273 (4th Cir. 2008)).

An affirmative defense such as res judicata may be raised under Rule 12(b)(6) "if it clearly appears on the face of the complaint." *Savary v. Cody Towing and Recovery, Inc.*, Civ. No. DKC 10-2159, 2011 WL 337345, *2 (D. Md. Jan. 31, 2011) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). When considering a motion to dismiss on grounds of res judicata, "a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir. 2000) (citing cases); *see also Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 299 (E.D.N.Y. 2013) (party may raise defense of res judicata on motion to dismiss when basis for defense is set forth on the face of the complaint or established by public record); *Snider Int'l Corp. v. Town of Forest*

7

*Heights*, 906 F. Supp. 2d 413 (D. Md. 2012) (when deciding a motion to dismiss, a court "may consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.") (internal quotation omitted).

## II.   THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

The complaint contains only general allegations as to the purported unfairness of the 2012 legislative districting map, but does not allege any specific defect in the plan, either overall or as to District 9A, a legislative district comprising parts of Carroll and Howard counties.  The complaint references various provisions of the federal and state constitutions,[5] but offers no explanation how the districting scheme violates those provisions, or any other.  Conclusory allegations of this kind are not entitled to the "assumption of truth" and do not show that a plaintiff's claim to relief is plausible.  *See Iqbal*, 556 U.S. at 678-79 (to survive a motion to dismiss, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.').

Even assuming the complaint could be read to state a plausible claim for relief from unconstitutional partisan gerrymandering, such claims are non-justiciable absent a "reliable

---

[5] The complaint references Article III, §§ 3-4 of the Maryland Constitution (*see* Compl. ¶ 12 and item (b) of the Prayer for Relief, respectively) and purports to quote portions of Article IV, § 4 of the United States Constitution (*id.*, ¶ 15); §§ 1 and 2 of the Fourteenth Amendment (*id.*, ¶ 16); § 1 of the Fifteenth Amendment, omitting the words "on account of race, color, or previous condition of servitude" (*id.*, § 17); and the Supremacy Clause of Article VI (*id.*, ¶ 19).

8

and non-arbitrary standard." *League of United Latin Am. Citizens* ("*LULAC*") *v. Perry*, 548 U.S. 399, 418 (2006).  Failing that, such a complaint is properly dismissed at the pleading stage.  *See*, *e.g.*, *Perez v. Perry*, 26 F. Supp. 3d 612, 624 (W.D. Tex. 2014) (explaining that the Supreme Court has treated lack of an appropriate standard to be a failure to state a claim).  Here, the complaint offers no standard, much less a reliable or non-arbitrary one, and thus fails to state a justiciable claim of partisan gerrymandering.

Alternatively, were the complaint to be construed as alleging a violation of Article IV, § 4 of the U.S. Constitution, based on the creation of legislative districts that cross county lines, any such claim would be similarly non-justiciable.  *Baker v. Carr*, 369 U.S. 186, 218-229 (1962) (rejecting Guarantee Clause as a basis for challenge to apportionment of state legislative districts because such claims "involve those elements which define a 'political question'").  Because the plaintiff's claims are insubstantial by any standard, the complaint should be dismissed without convening a three-judge district court.  *See*, *e.g.*, *Goosby v. Osser*, 409 U.S. 512, 518 (1973) (finding a claim "insubstantial" where "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy" (quoting *Ex parte Poresky*, 290 U.S. 30, 32 (1933)).

## III.   PLAINTIFF'S CLAIMS ARE BARRED BY RES JUDICATA

Because the defense of res judicata "clearly flows" from the allegations in the complaint and raises no disputed issue of fact, this Court may dismiss the complaint on res judicata grounds on defendants' motion to dismiss.  *Amr v. Moore*, Civil No. 3:09cv667,

2010 WL 3154575, *4 (E.D. Va. June 21, 2010).  Although the complaint itself does not allude to the prior litigation, copies of the order and opinion of the Maryland Court of Appeals was attached to the complaint.  (ECF No. 1-2, 1-4).  Moreover, the present complaint plainly concerns the legislative districting plan at issue in the State court action.  *See In re 2012 Legislative Districting*, 436 Md. at 144 (rejecting, after an evidentiary hearing, Bouchat's claims as "without merit").  In short, the preclusive effect of the prior state-court judgment has been put at issue by the plaintiff's own filing of the complaint and may be decided by this Court without the need for any further factual development.

Federal courts give to state-court judgments "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).  In Maryland, res judicata "bars the relitigation of a claim if there is a final judgment in a previous litigation where the parties, the subject matter and causes of action are identical or substantially identical as to issues actually litigated and as to those which could have or should have been raised in the previous litigation."  *Cochran v. Griffith Energy Servs.*, 426 Md. 134, 140 (2012) (internal quotation marks omitted).  Under Maryland law, a party establishes res judicata by demonstrating three elements: (1) the parties in the present action are the same or in privity with the parties in the earlier action; (2) the claims at issue in the present action are identical to those determined in the previous action or could have been raised

10

and determined in the previous action; and (3) there was a final judgment on the merits in the previous action. *Id.*

All three elements are present here.  Mr. Bouchat was a named party in the 2012 redistricting litigation.  He had an opportunity to participate fully in that litigation, including in the evidentiary hearing before the Special Master.  His present complaint concerns the identical subject matter—the 2012 legislative districting plan—that was litigated in 2012 and, in fact, even seems to press the same legal theories that were rejected as without merit in the previous action.  Finally, the Court of Appeals order of November 9, 2012, denying all relief requested by the petitioners, including Mr. Bouchat, represents a final judgment on the merits in the earlier case.  *See* 429 Md. 301.

The existence of election data from 2014 that allegedly support Mr. Bouchat's argument that voters prefer candidates from their own county has no bearing on the question of claim preclusion.  First, it is clear that in the 2012 litigation the Court of Appeals rejected the plaintiff's legal theory as without merit, regardless of any evidence showing a tendency for voters to prefer candidates from the voter's own county.  *In re 2012 Legislative Districting*, 436 Md. at 140 (referencing Special Master's conclusion that U.S. Const., Article IV, § 4 does not "create a Federal Constitutional basis for judicial relief."). Second, even assuming that the 2014 primary elections could be viewed as offering evidentiary support for Mr. Bouchat's argument, the preclusive effect of the prior judgment still bars any re-litigation of his challenge to the districting plan.  *See*, *e.g.*, *Serna v. Holder*,

11

559 F. App'x 234, 238 (4th. Cir. 2014); *Mbongo v. JP Morgan Chase Bank*, Civ. No. PWG-14-1620, 2014 WL 3845443, *4-5 (D. Md. Aug. 4, 2014) (additional evidence allegedly supporting plaintiff's allegations did not alter preclusive effect of prior judgment based on the same underlying transaction).  For these reasons, the complaint should be dismissed on grounds of res judicata.

## IV. PLAINTIFF'S CLAIMS AGAINST THE STATE OF MARYLAND AND FOR DAMAGES ARE BARRED BY SOVEREIGN IMMUNITY

The State is not susceptible to suit in federal court without a valid waiver or abrogation of its sovereign immunity.  *See* U.S. Const. amend. XI; *Board of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).  The Eleventh Amendment applies to the State and its agencies, *Pennhurst State Sch. & Hosp. v. Haldeman*, 465 U.S. 89, 100 (1984), and a suit against a state official "is no different from a suit against the State itself."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment bars a private litigant's suit against a State, its agencies, and officials, regardless of the type of relief sought, *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996), unless either (1) the State has expressly waived its immunity by "clear declaration," *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999) (citations omitted), or (2) Congress has "unequivocally expressed its intent to abrogate the immunity" in a statute "passed pursuant to a constitutional provision granting Congress the power to abrogate," *Seminole Tribe*, 517 U.S. at 55, 59.  The State of Maryland has not waived its

Eleventh Amendment immunity or the immunity of its agencies, officials, and employees.[6]
Md. Code Ann., State Gov't § 12-103(2); *In re Creative Goldsmiths of Washington, D.C.,
Inc.*, 119 F.3d at 1148–49; *Lowery v. Prince George's County, Md.*, 960 F. Supp. 952, 954
n.4 (D. Md. 1997).  Accordingly, because Maryland's Eleventh Amendment immunity has
been neither waived nor abrogated, all claims against the State of Maryland or its
representatives must be dismissed.

Under the *Ex Parte Young* doctrine, a plaintiff may in some circumstances seek to
halt the enforcement of a state law in conflict with the federal constitution on the theory
that such an action is only against the individual officer charged with enforcement and is
thus not really against the State itself.  *See*, *e.g.*, *MCI Telecomm. Corp. v. Bell Atl., Pa.*,
271 F.3d 491, 506 (3d Cir. 2001) (citing *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)).
The *Ex parte Young* doctrine, however, extends only to prospective, injunctive, or
declaratory relief regarding an officer's future conduct and cannot be retrospective, such

---

[6] Although the State has created a limited waiver of its sovereign immunity under
the Maryland Tort Claims Act ("MTCA"), that waiver is expressly limited to suits brought
in state court.  *See* Md. Code Ann., State Gov't § 12-104(a)(1) ("[T]he immunity of the
State and of its units is waived as to a tort action, in a court of the State, to the extent
provided under paragraph (2) of this subsection.").  Moreover, the MTCA expressly states
that the State has not "waive[d] any right or defense of the State or its units, officials, or
employees in an action in a court of the United States or any other state, including any
defense that is available under the 11th Amendment to the United States Constitution."
Md. Code Ann., State Gov't § 12-103(2); *see also Pennhurst*, 465 U.S. at 99 n.9 ("[T]he
Court consistently has held that a State's waiver of sovereign immunity in its own courts
is not a waiver of the Eleventh Amendment immunity in the federal courts."); *Weller v.
Department of Soc. Servs.*, 901 F.2d 387, 397 (4th Cir. 1990) (MTCA "clearly limits the
state's waiver of immunity to actions brought in the Maryland state courts").

as for money damages.  *Id.*  In addition, the doctrine does not apply to claims for injunctive or declaratory relief premised on state constitutional or statutory grounds.  *Pennhurst*, 465 U.S. at 121.

Of the four claims for relief stated in the complaint, three are outside the scope of the *Ex parte Young* exception as to defendants Lamone and McManus.  The first claim for relief seeks "an Order requiring the representatives of the State of Maryland" to "re-draft and re-configure the Maryland legislative election districts . . . ."  Compl. 4 (Request for Relief, ¶ a).  Neither of the individual defendants have such authority, nor does the relief sought attempt to govern their future conduct in any way.  The second claim asks for a declaration that Article III, § 4 of the Maryland Constitution is being violated, (*id.*, ¶ b), a type of relief not authorized under the *Ex parte Young* doctrine.  The fourth claim (¶ d) seeks "financial damages and expenses" and is thus also barred.  Only the third claim (¶ c)—seeking to enjoin the holding of future elections based on the current district map— even arguably falls within the exception.  However, because the complaint fails to state a federal law claim upon which relief can be granted (*see* Part I), Mr. Bouchat' request for an injunction barring all future elections under the plan must also be dismissed.

## CONCLUSION

The defendants' motion to dismiss should be granted and without convening a three-judge district court.

14

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

/s/ Julia Doyle Bernhardt

_____

JULIA DOYLE BERNHARDT
Bar No. 25300
Assistant Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21201
jbernhardt@oag.state.md.us
(410) 576-7291
(410) 576-6955 (facsimile)

September 29, 2015                    Attorneys for Defendants

15