# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

December 10, 2015

MEMORANDUM TO MR. BOUCHAT AND COUNSEL

Re: *Bouchat v. State of Maryland et al.*
Civil Action No. ELH-15-2417

Dear Mr. Bouchat and Counsel:

As you know, in August 2015, Mr. Bouchat, who is self-represented, filed suit against the State of Maryland; Linda H. Lamone, acting as State Administrator of Elections; and Bobbie S. Mack, acting as Chair of the Maryland State Board of Elections. *See* ECF 1.[1]  In his Complaint, plaintiff asserts that in June 2014 he was a Carroll County Republican candidate for the Maryland House of Delegates, District 9A. *Id.* at 2.  He challenges the Maryland legislative election districts created in October 2011, asserting that they were "designed with the intent to manipulate election results. . . ." *Id.*

Defendants have moved to dismiss.  ECF 12.  Plaintiff opposes the motion.  ECF 15.

There has been no request for a three-judge panel in this case, under 28 U.S.C. § 2284. Nevertheless, in light of the Supreme Court's recent decision in *Shapiro v. McManus*, No. 14-990 (Dec. 8, 2015), defendants are directed to submit additional briefing by December 28, 2015, as to the issue of whether plaintiff's claims must be heard by a three-judge court, including whether plaintiff's claims are "'wholly insubstantial and frivolous' . . . ." *Id.*, slip op. at 6 (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).  Plaintiff may submit a response by January 14, 2016, and defendants may reply by January 26, 2016.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge

---

[1] David McManus, Jr. replaced Bobbie Mack as Chairman of the Maryland State Board of Elections, effective July 16, 2015.  Therefore, he shall be substituted for Mr. Mack as a defendant.  *See* Fed. R. Civ. P. 25(d)(1).