IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTOPHER E. BOUCHAT, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action 1:15-cv-02417-ELH |
| STATE OF MARYLAND, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

### INTRODUCTION

Plaintiff Christopher Bouchat seeks to re-litigate in federal court his unsuccessful challenge to the 2012 legislative districting of the State. *See In re 2012 Legislative Districting*, 436 Md. 121 (2013) (rejecting as "without merit" the Bouchat petition). As in the prior lawsuit, Mr. Bouchat argues that the U. S. Constitution prohibits Maryland from creating legislative districts for the House of Delegates that cross county lines. He now asserts that the State's districting plan has discriminated against him because, as a candidate in the 2104 Republican primary for District 9A, he was competing against Republican candidates from another county. Mr. Bouchat also contends that various constitutional provisions should be reinterpreted, contrary to the holdings of the Supreme Court, to guarantee representation of political subdivisions in state legislatures, rather than apportioning districts by population.

Because the complaint fails to state a claim upon which relief may be granted and is barred by res judicata, the complaint should be dismissed with prejudice. Mr. Bouchat's claims for declaratory and injunctive relief against the State of Maryland, and his claim for money damages, are also barred by the State's Eleventh Amendment sovereign immunity.

## STATEMENT OF THE CASE

Following the 2010 census, the Governor's Redistricting Advisory Committee convened in March 2011 to develop a districting plan for the State Legislature as required by Article III, § 5 of the Maryland Constitution. *In re 2012 Legislative Districting*, 436 Md. at 128. The Governor's plan, introduced as House and Senate Joint Resolution No. 1 in the 2012 Legislative Session of the General Assembly, became effective on February 24, 2012. *Id.* Mr. Bouchat and others filed petitions challenging the validity of the plan. In his petition, Mr. Bouchat alleged that the plan violated the United States Constitution's guarantee of a republican form of government because it contained legislative districts that crossed county lines. *Id.* at 138.

Judge Wilner, appointed to act as Special Master by the Court of Appeals, conducted evidentiary hearings, considered the parties' briefs submitted for and against the validity of the plan, and issued a report to the Court of Appeals. Oral argument on the petitions and on exceptions made to the Special Master's report were heard by the Court of Appeals on November 7, 2012. *See In re 2012 Legislative Districting of the State*, 429 Md. 301 (2012). By its order dated November 9, 2012, the Court of Appeals held that the

Governor's plan was consistent with the requirements of the federal and state constitutions, and denied all relief sought by the petitioners. *Id.* An opinion explaining the reasons for that decision was issued December 10, 2013. *In re 2012 Legislative Districting*, 436 Md. 121 (2013).

**The Plaintiff's 2012 Petition**

In 2012, Mr. Bouchat challenged the validity of the Governor's plan and of Article III, § 3 of the Maryland Constitution, alleging that both were inconsistent with Article IV, § 4 of the United States Constitution, which guarantees that each State shall have a republican form of government.[1] *In re 2012 Legislative Districting*, 436 Md. at 138-39. Mr. Bouchat asserted that the federal constitution is violated when members of the State Senate and House of Delegates are chosen from legislative districts that cross county lines. *Id.* These arguments were rejected by the Court of Appeals as "without merit." *Id.* at 144.[2]

**The Plaintiff's 2015 Lawsuit**

---

[1] Article IV, § 4 of the Constitution of the United States provides: "The United States shall guarantee to every State in this Union a Republican Form of Government, and shall protect each of them against Invasion; and on Application of the Legislature, or of the Executive (when the Legislature cannot be convened) against domestic Violence."

[2] In January 2015, Mr. Bouchat filed a complaint in the Circuit Court for Carroll County, Maryland in which he renewed his challenge to the districting plan based on the results of the 2014 primary election. The circuit court dismissed the complaint for lack of subject matter jurisdiction to hear challenges to the legislative districting of the State, for which Article III, § 5 of the Maryland Constitution provides that original jurisdiction shall be in the Maryland Court of Appeals. *See also State Admin. Bd. of Election Laws v. Calvert*, 272 Md. 659, 678-84 (1975) (concluding that original jurisdiction in Court of Appeals under Art. III, § 5 is exclusive).

3

In 2014, Mr. Bouchat ran in the Republican Party primary for House of Delegates District 9A, a district that comprises parts of Carroll and Howard counties. (ECF-31) Amended Complaint, ¶¶ 8-10. Mr. Bouchat alleges that he was the only one of five candidates in that contest from Carroll County and that he finished with the fewest votes, despite receiving more votes from voters in Carroll County than any of his competitors. *Id.*

Mr. Bouchat initiated the current lawsuit on August 14, 2015. He filed an amended complaint on May 19, 2016, to include allegations that the state legislative districting plan is a partisan gerrymander that disadvantages Republicans. *Id.* ¶¶ 12, 14-17, 20. Elsewhere, the "discrimination" alleged in the Amended Complaint focuses on the voters' preference for candidates from their own county, *id.* ¶¶ 9-10, 13, 18, and on Mr. Bouchat's theory that political subdivisions of the state, rather than voters, are entitled to equal representation in the Maryland legislature. *Id.* ¶¶ 29-34 and Exhibit 2 to the Amended Complaint.

The Amended Complaint alleges that the districting plan violates Article III, §§ 3 and 4 of the Maryland Constitution (Am. Compl. ¶¶ 16, 21-22) "because no regard was given to natural boundaries or established Political subdivisions." *Id.* ¶ 22. The Amended Complaint also asserts violations of various provisions of the United States Constitution: Article I, §§ 2 and 4 (*id.* ¶¶ 12, 26), Article IV, § 4 (*id.* ¶¶ 23, 30), the First Amendment (*id.* ¶¶ 12, 15, 26), and the equal protection guarantee of the Fourteenth Amendment (*id.* ¶¶ 20, 30). For his relief, Mr. Bouchat seeks an injunction to require the representatives of

4

the State of Maryland to draft a new plan that is "fair and reasonable" (*id.* at 6, "Request for Relief," ¶ a) and to prohibit defendants from holding further elections under the existing plan (*id.* ¶ c). The Amended Complaint also requests declarations that the plan violates Article III, § 4 of the Maryland Constitution (*id.* ¶ b) and, presumably, the U.S. Constitution (*id.* ¶ e). Finally, Mr. Bouchat seeks damages of $75,000 as reimbursement of his "campaign costs, court costs and other financial damages and expenses." *Id.* ¶ d.

## ARGUMENT

### I. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This "plausibility" standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* That is, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

On a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "are not entitled to

5

the assumption of truth." *Id.* at 678-79. And while *pro se* pleadings are to be liberally construed, the *Iqbal/Twombly* standard applies to self-represented litigants just as it does to represented parties. *Smith v. Commonwealth of Virginia*, Civ. No. 3:08cv800, 2009 WL 2175759, *2 (E.D. Va., July 16, 2009) (citing *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008); *Thigpen v. McDonnell*, 273 F. App'x 271, 273 (4th Cir. 2008)).

An affirmative defense such as res judicata may be raised under Rule 12(b)(6) "if it clearly appears on the face of the complaint." *Savary v. Cody Towing and Recovery, Inc.*, Civ. No. DKC 10-2159, 2011 WL 337345, *2 (D. Md. Jan. 31, 2011) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). When considering a motion to dismiss on grounds of res judicata, "a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir. 2000) (citing cases); *see also Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 299 (E.D.N.Y. 2013) (party may raise defense of res judicata on motion to dismiss when basis for defense is set forth on the face of the complaint or established by public record); *Snider Int'l Corp. v. Town of Forest Heights*, 906 F. Supp. 2d 413 (D. Md. 2012) (when deciding a motion to dismiss, a court "may consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.") (internal quotation omitted).

## II. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Mr. Bouchat contends that the districting plan was designed to disadvantage Republican voters (Am. Compl. ¶¶ 12, 14-15) but alleges no supporting facts to show how the plan does this. The Amended Complaint asserts only that state legislative districts, including District 9A, are not "geographically reasonable" (*id.* ¶ 14) and give "no regard . . . to natural boundaries or established political subdivisions." *Id.* ¶ 22. But the Amended Complaint fails even to suggest how these alleged defects unfairly benefit Democrats, except to the extent Mr. Bouchat objects to population-based districts as giving an unfair advantage to the political party with the most voters. The only "discrimination" that is specifically alleged concerns the preference of Republican voters in District 9A for candidates from their own county, a circumstance with no apparent relevance to a partisan gerrymandering claim. *Id.* ¶ 18.

In sum, the Amended Complaint presents no factual content from which to infer that the plaintiff has been discriminated against as a Republican candidate or voter, or that the districting plan has restricted the plaintiff's First Amendment rights in any way. Conclusory allegations of the kind set forth in the Amended Complaint regarding political gerrymandering are not entitled to the "assumption of truth" and do not show that the plaintiff's claim to relief is plausible. *See Iqbal*, 556 U.S. at 678-79 (to survive a motion to dismiss, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.').

Even assuming the complaint alleged sufficient facts to state a plausible claim for relief from unconstitutional partisan gerrymandering, such claims are non-justiciable absent a "reliable and non-arbitrary standard." *League of United Latin Am. Citizens* ("*LULAC*") *v. Perry*, 548 U.S. 399, 418 (2006). Failing that, such a complaint is properly dismissed at the pleading stage. *See, e.g., Perez v. Perry*, 26 F. Supp. 3d 612, 624 (W.D. Tex. 2014) (explaining that the Supreme Court has treated lack of an appropriate standard to be a failure to state a claim). Here, the complaint offers no standard, much less a reliable or non-arbitrary one, and thus fails to state a justiciable claim of partisan gerrymandering.

The claim that the plan violates Article IV, § 4 of the U.S. Constitution is similarly non-justiciable. *Baker v. Carr*, 369 U.S. 186, 218-229 (1962) (rejecting Guarantee Clause as a basis for challenge to apportionment of state legislative districts because such claims "involve those elements which define a 'political question'"). Further, Mr. Bouchat's contention that Article I requires representation of political subdivisions in the state legislature is foreclosed by *Reynolds v. Sims*, 377 U.S. 533, 573 (1964) ("We . . . find the federal analogy inapposite and irrelevant to state legislative districting schemes."). And Mr. Bouchat's proposal for a districting plan based on the representation of political subdivisions (Am. Compl. ¶ 33) is contrary to the holding of *Reynolds* that the equal protection clause requires both houses of a state legislature to be apportioned on a population basis. 377 U.S. at 576. Thus, allegations that Maryland's districting plan does not provide equal representation in its legislature to all counties does not describe a

constitutional violation. Because the plaintiff's claims regarding the structure of the Maryland legislature are insubstantial, they should be dismissed. *See, e.g., Goosby v. Osser*, 409 U.S. 512, 518 (1973) (finding a claim "insubstantial" where "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy" (quoting *Ex parte Poresky*, 290 U.S. 30, 32 (1933))).

### III. PLAINTIFF'S CLAIMS ARE BARRED BY RES JUDICATA

Because the defense of res judicata "clearly flows" from the allegations in the complaint and raises no disputed issue of fact, this Court may dismiss the complaint on res judicata grounds on defendants' motion to dismiss. *Amr v. Moore*, Civil No. 3:09cv667, 2010 WL 3154575, *4 (E.D. Va. June 21, 2010). The present complaint plainly concerns the legislative districting plan at issue in the state court action, of which this Court may take judicial notice. *Andrews*, 201 F.3d at 524 n.1 (citing cases). No further factual development is needed for this Court to decide the preclusive effect of the prior state-court judgment.

Federal courts give to state-court judgments "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). In Maryland, res judicata "bars the relitigation of a claim if there is a final judgment in a previous litigation where the parties, the subject matter and causes of action are identical or substantially identical as to issues actually litigated and as to those which could have or should have

been raised in the previous litigation." *Cochran v. Griffith Energy Servs.*, 426 Md. 134, 140 (2012) (internal quotation marks omitted). Under Maryland law, a party establishes res judicata by demonstrating three elements: (1) the parties in the present action are the same or in privity with the parties in the earlier action; (2) the claims at issue in the present action are identical to those determined in the previous action or could have been raised and determined in the previous action; and (3) there was a final judgment on the merits in the previous action. *Id.*

All three elements are present here. Mr. Bouchat was a named party in the 2012 redistricting litigation. He had an opportunity to participate fully in that litigation, including in the evidentiary hearing before the Special Master. His present complaint concerns the identical subject matter—the 2012 legislative districting plan—that was litigated in 2012 and, in fact, even seems to press the same legal theories that were rejected as without merit in the previous action. Finally, the Court of Appeals order of November 9, 2012, denying all relief requested by the petitioners, including Mr. Bouchat, represents a final judgment on the merits in the earlier case. *See* 429 Md. 301.

The existence of election data from 2014 that allegedly support Mr. Bouchat's argument that voters prefer candidates from their own county has no bearing on the question of claim preclusion. First, it is clear that in the 2012 litigation the Court of Appeals rejected the plaintiff's legal theory as without merit, regardless of any evidence showing a tendency for voters to prefer candidates from the voter's own county. *In re 2012*

*Legislative Districting*, 436 Md. at 140 (referencing Special Master's conclusion that U.S. Const., Article IV, § 4 does not "create a Federal Constitutional basis for judicial relief."). Second, even assuming that the 2014 primary elections could be viewed as offering evidentiary support for Mr. Bouchat's argument, the preclusive effect of the prior judgment still bars any re-litigation of his challenge to the districting plan. *See, e.g., Serna v. Holder*, 559 F. App'x 234, 238 (4th. Cir. 2014); *Mbongo v. JP Morgan Chase Bank*, Civ. No. PWG-14-1620, 2014 WL 3845443, *4-5 (D. Md. Aug. 4, 2014) (additional evidence allegedly supporting plaintiff's allegations did not alter preclusive effect of prior judgment based on the same underlying transaction). For these reasons, the complaint should be dismissed on grounds of res judicata.

### IV. PLAINTIFF'S CLAIMS AGAINST THE STATE OF MARYLAND AND FOR DAMAGES ARE BARRED BY SOVEREIGN IMMUNITY

The State is not susceptible to suit in federal court without a valid waiver or abrogation of its sovereign immunity. U.S. Const. amend. XI; *Board of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). The Eleventh Amendment applies to the State and its agencies, *Pennhurst State Sch. & Hosp. v. Haldeman*, 465 U.S. 89, 100 (1984), and a suit against a state official "is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment bars a private litigant's suit against a State, its agencies, and officials, regardless of the type of relief sought, *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996), unless either (1) the State has expressly waived its immunity by "clear declaration," *College Sav. Bank*

11

*v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999) (citations omitted), or (2) Congress has "unequivocally expressed its intent to abrogate the immunity" in a statute "passed pursuant to a constitutional provision granting Congress the power to abrogate," *Seminole Tribe*, 517 U.S. at 55, 59. The State of Maryland has not waived its Eleventh Amendment immunity or the immunity of its agencies, officials, and employees.[3] Md. Code Ann., State Gov't § 12-103(2); *In re Creative Goldsmiths of Washington, D.C., Inc.*, 119 F.3d at 1148–49; *Lowery v. Prince George's County, Md.*, 960 F. Supp. 952, 954 n.4 (D. Md. 1997). Accordingly, because Maryland's Eleventh Amendment immunity has been neither waived nor abrogated, all claims against the State of Maryland or its representatives must be dismissed.

Under the *Ex Parte Young* doctrine, a plaintiff may in some circumstances seek to halt the enforcement of a state law in conflict with the federal constitution on the theory that such an action is only against the individual officer charged with enforcement and is

---

[3] Although the State has created a limited waiver of its sovereign immunity under the Maryland Tort Claims Act ("MTCA"), that waiver is expressly limited to suits brought in state court. *See* Md. Code Ann., State Gov't § 12-104(a)(1) ("[T]he immunity of the State and of its units is waived as to a tort action, in a court of the State, to the extent provided under paragraph (2) of this subsection."). Moreover, the MTCA expressly states that the State has not "waive[d] any right or defense of the State or its units, officials, or employees in an action in a court of the United States or any other state, including any defense that is available under the 11th Amendment to the United States Constitution." Md. Code Ann., State Gov't § 12-103(2); *see also Pennhurst*, 465 U.S. at 99 n.9 ("[T]he Court consistently has held that a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts."); *Weller v. Department of Soc. Servs.*, 901 F.2d 387, 397 (4th Cir. 1990) (MTCA "clearly limits the state's waiver of immunity to actions brought in the Maryland state courts").

thus not really against the State itself. *See, e.g., MCI Telecomm. Corp. v. Bell Atl., Pa.*, 271 F.3d 491, 506 (3d Cir. 2001) (citing *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)). The *Ex parte Young* doctrine, however, extends only to prospective, injunctive, or declaratory relief regarding an officer's future conduct and cannot be retrospective, such as for money damages. *Id.* In addition, the doctrine does not apply to claims for injunctive or declaratory relief premised on state constitutional or statutory grounds. *Pennhurst*, 465 U.S. at 121.

Of the five claims for relief stated in the complaint, three are outside the scope of the *Ex parte Young* exception as to defendants Lamone and McManus. The first claim for relief seeks "an Order requiring the representatives of the State of Maryland" to "re-draft and re-configure the Maryland legislative election districts . . . ." Am. Compl. 6 (Request for Relief, ¶ a). Neither of the individual defendants have such authority, nor does the relief sought attempt to govern their future conduct in any way. The second claim asks for a declaration that Article III, § 4 of the Maryland Constitution is being violated, (*id.* ¶ b), a type of relief not authorized under the *Ex parte Young* doctrine. The fourth claim (¶ d) seeks "reimbursement of [the plaintiff's] campaign costs" and "other financial damages and expenses" and is thus also barred. Only the third and fifth claims (¶¶ c and e, respectively)—seeking to enjoin the holding of future elections based on the current district map and a declaration that the plan violates the U.S. Constitution—even arguably fall within the exception. However, because the complaint fails to state a federal law claim

13

upon which relief can be granted (*see* Part II) and is barred by res judicata (Part III), Mr. Bouchat's requests for declaratory and injunctive relief against defendants McManus and Lamone must also be dismissed.

## CONCLUSION

The defendants' motion to dismiss should be granted.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

/s/ Julia Doyle Bernhardt

JULIA DOYLE BERNHARDT
Bar No. 25300
JEFFREY L. DARSIE
BAR NO. 19485
Assistant Attorneys General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21201
jbernhardt@oag.state.md.us
jdarsie@oag.state.md.us
(410) 576-7291
(410) 576-6955 (facsimile)

Attorneys for Defendants

June 6, 2016