IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTOPHER ERIC BOUCHAT,                 *

      Plaintiff,                              *

      v.                                      *        Civil Action No.: 15-cv-2417

STATE OF MARYLAND, et al.,                 *

      Defendants.                             *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

### Failure to State a Claim

      The Defendant has stated that I have not stated a claim in the Amended Complaint upon which relief can be granted.  However, a review of the Amended Complaint filed shows that I have stated in great detail the Defendant's violation of multiple statutory provisions upon which I can be granted relief.

      My Amended Complaint clearly explains the issues and arguments that I am raising with respect to partisan gerrymandering, voter disenfranchisement, voter discrimination and damages caused by the Defendants.  The claims raised in my Amended Complaint are subject to relief which may be granted by this Court.

### Res Judicata

      The Defendant's claim of res judicata is not applicable to this federal case.  The case within involves issues of voter discrimination and disenfranchisement caused by

political gerrymandering, discrimination against me as a candidate and my Constitutional guarantee to representation.

Res judicata "is an affirmative defense that precludes the same parties from relitigating any suit based upon the same cause of action because the second suit involves a judgment that is conclusive, not only as to all matters that have been decided in the original suit, but as to all matters which with propriety could have been litigated in the first suit." *See Alvey v. Alvey*, 225 Md. 386, 390, 171 A.2d 92, 94 (1961).  In Maryland, the doctrine of res judicata precludes the relitigation of a suit if (1) the parties in the present litigation are the same or in privity with the parties to the earlier action; (2) the claim in the current action is identical to the one determined in the prior adjudication; and (3) there was a final judgment on the merits in the previous action. *Colandrea v. Wilde Lake Cmty. Ass'n, Inc.*, 361 Md. 371, 389, 761 A.2d 899, 908 (2000).

In this case, the only similarity is the identity of the parties (that I am the Plaintiff and the Defendant is the State of Maryland).  Otherwise, everything else is different and concerns different time periods, different sets of circumstances and different issues.  The case filed by me in 2012 was a challenge to the re-districting plan as a Maryland voter. The within case is different in that I am bringing challenges as a candidate for the House of Delegates and as a voter who has been disenfranchised and discriminated against with unfair representation.  The 2012 litigation concerned a different election and process than the 2015 litigation.  In addition, the evidence is based on the 2014 election and not on evidence previously presented.  Said evidence was attached as exhibits to the Amended Complaint.

**Sovereign Immunity**

Suit may be brought against The State of Maryland in limited circumstances.  I am able to bring this action as I am pursuing this matter as a federal question and the relief that I am requesting is within the power of this Court.

Finally, precedent exists, as set forth in *Shaprio v. McManus*, 13-cv-03233 for the State of Maryland and the additional Defendants to be sued in this capacity.

Humbly submitted,

CHRISTOPHER ERIC BOUCHAT

/s/
_____
CHRISTOPHER ERIC BOUCHAT
5627 Woodbine Road
Woodbine, Maryland 21797
(443) 538-8584
Plaintiff